IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : | CIVIL ACTION |
| | : | |
| | : | No. 20-751 |
| v. | : | |
| | : | |
| OCEAN AVENUE LLC | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                              **March 19, 2021**

      De Lage Landen Financial Services, Inc. (DLL) brings this breach of contract action alleging Defendant Ocean Avenue LLC (Ocean) failed to make timely payments required under two contracts for the lease of commercial printers. Ocean now moves to dismiss arguing (1) venue in this district is improper, (2) the Court lacks personal jurisdiction over Ocean, and in the alternative only, (3) transfer to the Central District of California is warranted.[1] Because this district is a proper venue, Ocean is subject to the Court's personal jurisdiction, and the relevant convenience and fairness factors weigh against transfer, the Court will deny the motion.

**BACKGROUND**

      Ocean is a California limited liability company that owns and operates as its only business the Fairmount Miramar Hotel & Bungalows in Santa Monica, California. DLL is an equipment financing company incorporated in Michigan with its principal place of business in Pennsylvania. In 2016, Ocean executed two lease agreements with DLL for commercial office printers. Under

---

[1] Ocean presents this argument based on the doctrine of forum non conveniens. However, this is an argument in the alternative to dismissal whereby Ocean seeks transfer—not dismissal—pursuant to 28 U.S.C. § 1404(a). Def.'s Mot. 7–15, ECF No. 8. Because "[s]ection 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system," and "Congress has replaced the traditional remedy of outright dismissal with transfer," the Court will interpret Ocean's forum non conveniens argument as seeking transfer under the § 1404(a) convenience and fairness factors. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

these agreements, DLL paid the equipment vender, Officia Imaging, Inc., the full purchase price of the printers and in turn, leased the printers to Ocean for use in its hotel office space. Ocean negotiated and executed the leases with Officia Imaging directly and only began working with DLL after the contracts were signed.

The agreements were cost-per-copy (CPC) arrangements, meaning Ocean agreed to make 60 monthly payments of approximately $4,600 per agreement, pay a per-copy fee, and make a minimum number of color and black and white copies during the lease term. *See* Compl. 2–4, ECF No. 1. The agreements also contain a forum selection clause, which says,

> This CPC Agreement was made in Pennsylvania ("PA"), is to be performed in PA and shall be governed and construed in accordance with the laws of PA. You consent to jurisdiction, personal or otherwise, in any state or federal court in PA and irrevocably waive a trial by jury.

Compl. Ex. A, B, ECF. No. 1. DLL alleges Ocean made timely payments for more than one year of the five-year lease term but started making partial payments in 2018 and stopped payments altogether in September 2019. DLL filed suit for breach of contract in this Court on February 10, 2020.

On July 18, 2020, Ocean filed the instant motion to dismiss or transfer arguing (1) this district is an improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), (2) this Court lacks personal jurisdiction over Ocean pursuant to Rule 12(b)(2) and, in the alternative only, (3) the doctrine of forum non conveniens warrants transfer to the Central District of California pursuant to 28 U.S.C. § 1404(a). *See* Def.'s Mot., ECF No. 8. The Court held a hearing on the motion on November 23, 2020.

**DISCUSSION**

The Court finds (1) the Eastern District of Pennsylvania is a proper venue, (2) Ocean is subject to the Court's personal jurisdiction, and (3) the relevant convenience factors weigh against transfer. Therefore, the Court will deny the motion on all three grounds.

At the outset, the Court must address the relevance of the forum selection clause. The Supreme Court has made clear that, for purposes of determining the propriety of venue, the existence of a forum selection clause has no bearing, as venue is governed purely by statute. *See Atlantic Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55 (2013) ("Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause."). Whether this district is a proper venue is determined by exclusively 28 U.S.C. § 1391.

Starting with the proper venue, this Court, in the Eastern District of Pennsylvania, is a proper venue for this action. A party may file a motion to dismiss based on improper venue pursuant to Rule 12(b)(3), and 28 U.S.C. § 1406(a) permits dismissal of an action for improper venue or transfer to a correct district if the interests of justice require it. Venue in civil actions in the federal courts is proper in,

> (1) any judicial district in where any defendant resides, if all defendants reside in the same state,
>
> (2) a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred," or
>
> (3) if no district satisfies subsections (1) or (2), any judicial district in which any defendant is subject to personal jurisdiction.

28 U.S.C. § 1391(b). For purposes of establishing venue, a business entity capable of being sued in its common name "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction." *Id.* § 1391(c)(2).

3

Ocean is a limited liability company. *See* Compl. ¶ 2, ECF No. 1. DLL may lay venue in any judicial district in which Ocean "resides"; that is, where Ocean is subject to personal jurisdiction. Therefore, whether this district is a proper venue ultimately depends on whether the Court has personal jurisdiction over Ocean.

Because the Court has personal jurisdiction over Ocean, this district is also a proper venue. Once personal jurisdiction is challenged, the plaintiff bears burden of proving, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction. *See General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001); *Cartaret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). Pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), a district court may exercise its personal jurisdiction according to the law of the state in which it sits. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Pennsylvania's long-arm statute provides for jurisdiction "based on the most minimum contact with the Commonwealth allowed under the Constitution." 42 Pa. Cons. Stat. § 5322(b); *see Mellon Bank (East) PSFS, Nat'l Assn v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

The specific personal jurisdiction inquiry has three parts.[2] *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S. at 414; *Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994). Third, if the

---

[2] There are two forms of personal jurisdiction—general personal jurisdiction and specific personal jurisdiction. *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–15 (1984)). Ocean does not have the "continuous and systematic" Pennsylvania contacts needed to support general personal jurisdiction and therefore, the question is whether Ocean's contacts with Pennsylvania are enough to establish specific personal jurisdiction.

prior two requirements are met, a court must consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).

The defendant first must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum," although physical entrance is not required. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see Burger King*, 471 U.S. at 476–78. Although merely entering into a contract with a forum party is, by itself, insufficient, it is well-settled that claim specific contacts amount to purposeful availment when there is deliberate contact. *See, e.g.*, *O'Connor*, 496 F.3d at 317–18 (finding defendant purposefully availed itself to jurisdiction in Pennsylvania through the mailing of seasonal newsletters and exchanging of phone calls for the purposes of forming an agreement). Ocean sent a credit application to Pennsylvania, contacted DLL's administrative department in Pennsylvania, and wired funds to Pennsylvania. McAllister Aff. ¶¶ 6–14, ECF No. 10-1. All billing inquiries came through Pennsylvania and all collection activity occurred through DLL's offices in Wayne, Pennsylvania. *Id.* In short, these contacts are sufficient to establish Ocean's purposeful availment in Pennsylvania, regardless of whether the contract is enforceable. *See O'Connor*, 496 F.3d at 317 ("But what is necessary is a deliberate targeting of the forum.").

DLL must next show its claim "arise[s] out of or relate[s] to" at least one of these contacts with Pennsylvania. *Helicopteros*, 466 U.S. at 414. The Third Circuit has said it "has never adopted a definitive approach to the relatedness requirement . . . Nonetheless, in contract cases we have effectively required *substantive* relevance." *O'Connor*, 496 F.3d at 320 (citation omitted) (emphasis added). In contract cases, "courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." *Mellon Bank*, 960 F.2d at 1224–25. Ocean's purposeful contact with Pennsylvania relates directly to the

formation and the alleged breach of the lease agreements. Although Ocean argues the contracts are unenforceable, its contacts with Pennsylvania relate directly to the formation of, performance under, and alleged breach of the contracts. These contacts are substantively related to DLL's claims and DLL has satisfied this requirement by a preponderance of the evidence.

Having met the first two requirements, the final determination is whether the exercise of jurisdiction would "otherwise comport with 'traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d, at 317 (quoting *Burger King*, 471 U.S. at 476). This is also called the "reasonableness" inquiry. *See O'Connor*, 496 F.3d at 324. The Supreme Court has identified several factors to consider, including "the burden on the defendant," "the forum state's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," and "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies." *Burger King*, 471 U.S. at 477. Ocean contends litigating this case in this district would present an unfair burden, especially in light of the coronavirus (COVID-19)'s impact on the hospitality industry. At trial, Ocean would undoubtedly be forced to bear costs of collecting evidence, exchanging discovery, and transporting witnesses across the country. However, this burden does not surpass the burden imposed by any litigation in federal court. Pennsylvania's interest in adjudicating this dispute is significant as well. DLL's interest in obtaining convenient and effective relief also depends on this Court's ability to exercise jurisdiction. Refusing personal jurisdiction here would simply switch the burden back to DLL by forcing it to litigate in another district. It is in the interstate judicial system's interest to exercise jurisdiction over Ocean and obtain the most efficient resolution of the controversies. For these reasons, the exercise of personal jurisdiction here comports with "traditional notions of fair play and substantial justice."

In conclusion, DLL has established personal jurisdiction over Ocean because Ocean purposefully directed its activities in Pennsylvania, DLL's claims arise out of those activities, and no other factors render the exercise of jurisdiction unfair or unreasonable. DLL has met these requirements by a preponderance of the evidence and, even if the forum selection clause were unenforceable, DLL has presented sufficient evidence to meet this standard. Ocean's arguments of fraud and overreach are insufficient to overcome the other indicia of its continued contacts with Pennsylvania. Because Ocean is subject to the Court's personal jurisdiction, this District is also a proper venue pursuant to § 1391(c)(2).

Turning to Ocean's final argument, the Court concludes transfer under § 1404(a) is not warranted. There are three sets of factors the Court must consider, and the burden lies with Ocean. *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995). First, venue must be proper in the transferee district. *See, e.g.*, *McKinner v. Pinter*, No. 18-4185, 2019 WL 952247, at *5 (E.D. Pa. 2019). It is undisputed that Ocean is a California entity based in California and therefore, the Central District of California is a proper venue.

Next, the Court must consider the private factors, including (1) plaintiff's choice of venue, (2) defendant's preference, (3) where the claim arose, (4) the relative physical and financial conditions of the parties, (5) the extent to which witnesses may be unavailable for trial in one of the forums, and (6) the extent to which books and records would not be produced in one of the forums. *See, e.g.*, *Jumara*, 55 F.3d at 879. With regard to the first and second factors, DLL chose this forum and a plaintiff's choice of a proper forum "is a paramount consideration" and that choice "should not be taken lightly." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). While Ocean prefers to litigate in California, "the purpose of a venue transfer is not to shift inconvenience from one party to another" and the defendant's choice "is entitled to considerably less weight than

7

[p]laintiff's." *EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003).

As for the third factor, much of Ocean's performance under the agreements occurred in Pennsylvania. The payments and invoices were processed in California and sent to Pennsylvania. Ocean contends this action truly arose in California, where the contracts were executed, and the printers delivered. However, DLL's claim is that Ocean—years after the agreements were made and the printers were delivered—began making incomplete payments to DLL. The claim, therefore, is that Ocean stopped making full payments to DLL in Pennsylvania and thereby breached the contracts. Therefore, for purposes of the *Jumara* factors, this means DLL's claim arose in Pennsylvania.

The fourth factor—the relative financial conditions of the parties—is neutral. Although DLL is a larger company and may have been potentially less impacted by the coronavirus (COVID-19) pandemic, this is not a persuasive reason for transfer. Furthermore, the availability of witnesses and evidence is a factor that cuts in both directions during the normal course of litigation. Transferring this action would simply put the burden of expense on DLL. All parties will incur significant costs of litigation, and with over $300,000 at stake, the parties have an interest in thoroughly litigating the case wherever it is tried. The fifth and sixth factors are also neutral. Ocean may be forced to take depositions of witnesses who are unavailable to travel or are outside this Court's reach. Ocean may have to scan documents and other evidence. Aside from the significant cost of shipping the sizeable printers—the necessity of which Ocean has not explained—the Court sees no reason why the location of the witnesses, books, records, and other evidence requires this case be transferred to California.

The final consideration is the set public factors—including the enforceability of a judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty resulting from court congestion, the local interest in deciding the controversy, the public policies of the forums, and the familiarity of the trial judge with applicable state law in diversity cases. *See Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 640 (3d Cir. 1989).

Some of these factors strongly favor transfer. The local interest of this Court in deciding the controversy is significant. This is a Pennsylvania contract law dispute involving a large local employer. The public policy of this forum is much more relevant than that of California. Although Ocean argues California's public policy on jury trial waiver and forum selection clauses is significant, Pennsylvania has equally important public policies on these matters. Finally, federal judges in Pennsylvania possess a special familiarity with the applicable law here and, although California federal judges would certainly be qualified to hear this case, this factor disfavors transfer.

The remainder of the factors are neutral. The relative administrative difficulty of court congestion, for example, is not persuasive because both this district and the Central District of California are active judicial districts with comparably busy dockets. The enforceability of a judgment in a Pennsylvania federal court would be the same as in a California federal court. Wherever a trial is held, the parties will need to transport witnesses, ship documents, and collect evidence from inconvenient sources. These practical considerations do not sway conclusively in either direction. In conclusion, the Court finds Ocean has failed to establish that the convenience factors warrant transfer. The Court reaches this conclusion without regard for the enforceability of the forum selection clause. Whether or not the clause is found to be enforceable because of fraud,

overreach, or anything else, Ocean has failed to sufficiently show how litigating the case in this district is so inconvenient as to warrant transfer.

**CONCLUSION**

The Eastern District of Pennsylvania is a proper venue pursuant the exclusive authority of 28 U.S.C. § 1391. Ocean is subject to this Court's personal jurisdiction through its purposeful and substantive contacts with Pennsylvania. The § 1404(a) convenience factors do not warrant transfer. Therefore, the Court will deny Ocean's motion on all three grounds.

An appropriate order follows.

BY THE COURT:


　/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.